UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DWAYNE GILES,

Plaintiff,

v.

TOM FELKER, et al.,

Defendants.

No. 2:16-cv-0923 KJN P

ORDER

I. Introduction

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly

payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what

the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

III. Plaintiff's Complaint

Plaintiff alleges that from February 24, 2004, through January 31, 2008, defendants Felker and Wong ordered extended lockdowns because he is black, and the lockdowns occurred three and four times per year, which denied his liberty interest in program activities. Plaintiff avers that the constant confinement to his cell placed him at risk of suffering health problems, and caused injuries to his colon. Plaintiff argues that the failure to provide him program activities during these lockdowns violated the Eighth Amendment. (ECF No. 1 at 4.)

Plaintiff also alleges that during these extended lockdowns he began receiving treatment for his bowel symptoms through an outside gastroenterologist, Dr. James Nachiondo, also named as a defendant. Plaintiff avers that Dr. Nachiondo knowingly misdiagnosed plaintiff as having Crohn's disease of the colon, implementing a false treatment plan based on a colonoscopy performed on September 26, 2006. Plaintiff claims that in the colonoscopy report, Dr. Nachiondo stated in part, "I suspect Crohn's disease." (ECF No. 1 at 5.) Plaintiff states that Dr. Nachiondo took several biopsies during the colonoscopy, sent for testing on September 27, 2006, and none of the biopsies reflected a diagnosis for conditions consistent with Crohn's disease of the colon. Because the biopsies did not reflect Crohn's disease, plaintiff contends that Dr. Nachiondo likely knew that plaintiff did not have Crohn's disease. (ECF No. 1 at 5.) Thus, plaintiff contends Dr. Nachiondo acted with deliberate indifference by submitting a statement and diagnosis he knew to be false, for the purposes of justifying a long term course of treatment for plaintiff to be under his care, and to receive a flow of income from the CDCR. (ECF No. 1 at 6.) Plaintiff contends that Dr. Nachiondo's allegedly false diagnosis put plaintiff at serious risk of harm and exacerbated his medical condition because the doctor prescribed plaintiff high potent immunosuppressant

medication. Dr. Nachiondo examined plaintiff on August 22, 2007, and on September 10, 2007, yet continued prescribing inadequate treatment despite plaintiff's failure to improve.

In addition, plaintiff contends that Dr. Nachiondo's "deliberate misdiagnosis" led other medical professionals to believe plaintiff's Crohn's disease diagnosis, which interfered with prison medical officials' ability to provide plaintiff adequate medical care in a timely manner. As a result, plaintiff received deficient medical care over fourteen months, causing him to lose his entire colon and rectum.

Plaintiff contends that Dr. Roche, Chief Medical Officer, was responsible for approving all medical treatment recommended by outside care providers, and was specifically approving plaintiff's treatment by Dr. Nachiondo since July 5, 2006. In addition, Dr. Roche served as a committee member on the Medical Authorization Committee ("MAR"), which decided whether to approve recommendations from outside care providers. On February 6, 2007, Dr. Nachiondo issued treatment orders. Dr. Roche approved and implemented all of these treatment orders except the recommendation for a "low residue" diet. (ECF No. 1 at 7.) Plaintiff alleges that Dr. Roche did not inform Dr. Nachiondo that the low residue diet was not approved, thus interfering with Dr. Nachiondo's planned treatment. On August 7, 2007, plaintiff was admitted into the Correctional Treatment Center, under Dr. Roche's care, and Dr. Roche examined and assessed plaintiff at least twice a week.

Plaintiff alleges that shortly after July 20, 2007, Dr. Roche allowed plaintiff's prednisone prescription to be abruptly discontinued, despite orders that the prednisone be tapered off, and plaintiff's health began to deteriorate. He suffered adrenal deficiency, diarrhea, dehydration, weight loss, and low blood pressure, which progressed through October 22, 2007. Plaintiff contends that Dr. Roche and Dr. Nachiondo knew within a few days that their treatment plan wasn't working, but failed to provide appropriate medical treatment in a reasonable time, causing plaintiff to suffer for over 98 days. Plaintiff contends that Dr. Roche denied plaintiff adequate medical treatment at least five times, and failed to respond to medical data showing plaintiff's continued medical deterioration.

////

V. Discussion

A. Statute of Limitations

A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when "the running of the statute is apparent on the face of the complaint." Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir. 2006)), cert. denied, 131 S. Ct. 3055 (2011). While the statute of limitation is an affirmative defense, in the absence of a defendant's waiver, a court may raise the defense of statute of limitations *sua sponte*. See Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993); see also Franklin v. Murphy, 745 F.2d 1221, 1228-30 (9th Cir. 1984) (statute of limitations bar may be grounds for *sua sponte* dismissal of an in forma pauperis complaint where the defense is complete and obvious from the face of the pleadings or the court's own records).

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009)(citation omitted); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914. California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55. The limitations period is also tolled while the prisoner completes the mandatory exhaustion process. Brown v. Valoff, 422 F.3d 926, 942-43 (9th Cir. 2004).

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations found in state law. Jones, 393 F.3d at 927. Under California law, prisoners who at the time the cause of action accrued were either imprisoned on a criminal charge or serving a sentence of less than life for a criminal

////

conviction benefit from a two-year tolling provision for damages actions. Cal. Civ. Proc. Code § 352.1.

Here, plaintiff's allegations are based on incidents that took place from 2004 through January 31, 2008. It appears that plaintiff became aware of his inability to program during the lockdowns from 2004 to January 31, 2008. Similarly, it appears that plaintiff was aware of the alleged lack of appropriate medical treatment while his health was deteriorating from 2006 through 2007, ultimately resulting in the loss of his colon and rectum. It appears that plaintiff was aware of these allegations at the latest by October 22, 2007.

The complaint in this action was signed on April 25, 2016.[1] (ECF No. 1.) Therefore, any claims that accrued prior to April 25, 2012, are time-barred. Even if the court liberally granted plaintiff one year for tolling during the administrative exhaustion process, his claims would remain time-barred, based on the dates provided in the complaint. Thus, it appears that plaintiff's claims from October 22, 2007, and dates prior are likely barred by the applicable statute of limitations.

However, in an abundance of caution, plaintiff is granted leave to amend his complaint to show why the foregoing claims are not barred by the statute of limitations.

B. Medical Care

In the Ninth Circuit, a deliberate indifference claim has two components:

> First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong -- defendant's response to the need was deliberately indifferent -- is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."

[1] "[T[he Houston mailbox rule applies to § 1983 complaints filed by pro se prisoners." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009), citing Houston v. Lack, 487 U.S. 266, 275-76 (1988).

Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted).

Plaintiff is cautioned that, in applying the deliberate indifference standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). In addition, mere differences of opinion between a prisoner and prison medical staff as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012); Toguchi, 391 F.3d at 1058.

Finally, delays in providing medical care may manifest deliberate indifference. See Estelle, 429 U.S. at 104-05. However, to establish a deliberate indifference claim arising from a delay in providing medical care, a plaintiff must allege facts showing that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett, 439 F.3d at 1096.

VI. Leave to Amend

Plaintiff is granted leave to file an amended complaint. If plaintiff chooses to amend the complaint, plaintiff must show why his claims are not barred by the statute of limitations. He must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th

Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a. The completed Notice of Amendment; and

b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

////

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: May 12, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/gile0923.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE GILES,<br>Plaintiff,<br>v.<br>TOM FELKER, et al.,<br>Defendants. | No. 2:16-cv-0923 KJN P<br><br>NOTICE OF AMENDMENT |

Plaintiff hereby submits the following document in compliance with the court's order filed______________.

______________ Amended Complaint

DATED:

________________________________
Plaintiff