UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE GILES, | No. 2:16-cv-0923 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| TOM FELKER, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. As discussed below, the undersigned adopts the November 22, 2021 findings and recommendations and this action should be dismissed.

Background

This action was filed on May 2, 2016. Plaintiff's original complaint was dismissed with leave to amend. No defendant has yet been served.

In his June 13, 2016 amended complaint, plaintiff renewed allegations that he suffered extended lockdowns from 2004 to 2008 which prevented him from programming and engaging in out of cell exercise, as well as Eighth Amendment claims based on alleged inadequate medical care from 2006 to 2007. (ECF No. 9.)

////

1

1  Plaintiff also sought to stay this action pending his appeal filed in an earlier action.[1] On
2  October 14, 2016, plaintiff's request for stay was granted, and plaintiff was ordered to notify the
3  court within 21 days from the date plaintiff received a decision from the appellate court. (ECF
4  No. 10.) The case was administratively closed.

5  On November 22, 2021, the magistrate judge filed findings and recommendations, which
6  were served on plaintiff and which contained notice to plaintiff that any objections to the findings
7  and recommendations were to be filed within fourteen days. The magistrate judge recommended
8  this action be dismissed based on plaintiff's failure to comply with the court's order and failure to
9  diligently prosecute this action. Fed. R. Civ. P. 41(b).

10  Plaintiff filed objections to the findings and recommendations.

11  Applicable Law

12  Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss an action
13  when a litigant fails to prosecute an action or fails to prosecute or comply with a court order. *See*
14  Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir.
15  2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689
16  (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts
17  may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances."). Local Rule 110
18  similarly permits courts to impose sanctions on a party who fails to comply with a court order.
19  Further, the procedural rules that govern this court are to be "construed, administered and
20  employed by the court . . . to secure the just, speedy, and inexpensive determination of every
21  action and proceeding." Fed. R. Civ. P. 1.

22  Involuntary dismissal is a harsh penalty, but it "is incumbent upon the Court to manage its
23  docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*,
24  291 F.3d 639, 642 (9th Cir. 2002). Before dismissing an action under Federal Rule of Civil

---

[1] *See Giles v Felker*, 2:11-cv-1825 WBS EFB P (E.D. Cal.). On March 25, 2016, the district court granted defendants' motion for summary judgment on the grounds that plaintiff failed to exhaust such claims prior to filing suit, and dismissed the claims without prejudice. *Id.* (ECF No. 135.) Plaintiff filed an appeal. On April 21, 2017, the Court of Appeals for the Ninth Circuit affirmed the district court's decision. *Id.* (ECF No. 152.) The mandate issued on December 15, 2017. *Id.* (ECF No. 153.)

Procedure 41, the court must consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *See Applied Underwriters*, 913 F.3d at 889 (noting these five factors must be analyzed before Rule 41 involuntarily dismissal); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of pro se § 1983 action when plaintiff did not amend complaint as court directed.).

Discussion

In his objections, plaintiff does not address his failure to inform the court of the appellate court's ruling, or the almost four-year delay. Rather, "[p]laintiff declares he has been incapacitated under his disability, unable to reasonably prosecute his complaint without further suffering physical and mental complications and/or hospitalization." (ECF No. 12 at 1.) But plaintiff provided no evidence to support his claim of disability or incapacitation.

Rather, plaintiff seeks the appointment of counsel and an evidentiary hearing for the purpose of changing the nature of this action to one under the Americans with Disability Act, 42 U.S.C. § 12102, and the Fourteenth Amendment Due Process Clause. However, plaintiff's effort to change the nature of this case at this late date is unavailing. To the extent plaintiff seeks to bring new and different claims, he must do so in a new action.

Here, the first two *Ferdik* factors identified above support the dismissal of this action. Although plaintiff sought a stay of this action pending the appeal brought in his earlier action, the record reflects no filings by plaintiff once the stay was entered on October 14, 2016, despite the appeal decision's issuance just over six months later. Plaintiff's complete failure to comply with the court's order and notify this court when the appeal was denied meets both the first and second factors. *See Pagtalunan*, 291 F.3d at 642.

As to prejudice, where a party offers a poor excuse for failing to comply with a court order, the prejudice to any opposing parties is sufficient to favor dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 991-92 (9th Cir. 1999) (upholding Rule 41(b) dismissal). Here, petitioner has not offered a competent excuse for his failure to respond to the 2016 court

order.  Moreover, while certain defendants may have been put on notice of plaintiff's claims by his earlier 2011 case and subsequent appeal, plaintiff's claims here against defendants who have not yet been served stem from incidents that occurred from 2004 to 2008, rendering any parties' evidence stale, and their memories faded.  *Pagtalunan*, 291 F.3d at 643 ("[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," citing *Sibron v. New York*, 392 U.S. 40, 57 (1968)).  Thus, the third factor also weighs in favor of dismissal.

As to factor four, public policy favors disposition of cases on their merits, but this factor does not outweigh plaintiff's failure to comply with the court's order and lengthy delay.

Similarly, factor five, the availability of less drastic sanctions, ordinarily weighs against dismissal.  The magistrate judge attempted to avoid dismissal by issuing the November 22, 2021 findings and recommendations, which gave plaintiff an opportunity to explain his failure to comply.  But plaintiff did not.  Under these circumstances, the court finds no less drastic alternatives are available.  In any event, this factor is outweighed by the first three factors.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed November 22, 2021, are adopted in full;

2. This action is dismissed without prejudice, s*ee* Local Rule 110; Fed. R. Civ. P. 41(b); and

3. The clerk of court is directed to close this case.

DATED:  October 11, 2022

_____
CHIEF UNITED STATES DISTRICT JUDGE